# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISON

| | |
|---|---|
| VERNON GUY, | * |
| Petitioner, | * |
| vs. | * CIVIL ACTION NO. 24-00115-JB-B |
| PAUL BURCH, | * |
| Respondent. | * |

## REPORT AND RECOMMENDATION

Petitioner Vernon Guy, a state pretrial detainee housed in the Mobile County Metro Jail, filed an untitled document that the Court construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). This matter was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). In an order dated April 15, 2024, the undersigned observed that Guy's petition was not on this Court's required § 2241 petition form, and that Guy had neither paid the filing fee nor filed a motion to proceed without prepayment of fees. (Doc. 2 at 1, 3-4). Accordingly, the undersigned ordered Guy to refile his petition on the Court's required § 2241 petition form, and to either pay the $5.00 statutory habeas filing fee or file a motion to proceed without prepayment of fees. (Id. at 1, 4).

In the same order, the Court noted that Guy's initial filing did not indicate that he had exhausted all available state court

remedies for his claims. (Id. at 3). The undersigned informed Guy that if he had not fully exhausted his claims before the Alabama state courts, he should so notify this Court so that this matter could be dismissed without prejudice to Guy refiling a federal habeas petition once he has exhausted his state court remedies. (Id.).

In response to the Court's order, Guy filed a notice stating that he "has not fully exhausted all available state remedies, so I'm notifying this court that I would like to stop my process in federal court and refile after I have exhausted all state court remedies." (Doc. 3).

I. **DISCUSSION**

A state pretrial detainee such as Guy is only entitled to federal habeas relief under § 2241 if he can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). To obtain relief under § 2241, a petitioner (1) must be "in custody," albeit not pursuant to the final judgment of a state court,[1] and (2) must have "exhausted all available state court remedies." Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 488-89 (1973); Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 403 n.1 (11th Cir. 1988) (per curiam).

---

[1] There is no question that Guy is "in custody" for purposes of § 2241.

"It is by now well established that a district court may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." Johnson v. Florida, 32 F.4th 1092, 1095-96 (11th Cir. 2022) (quotation omitted). "The exhaustion doctrine was crafted on federalism grounds to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process." Id. at 1096.

"Exhaustion has two essential requirements relevant to this case." Id. "First, to be exhausted, a federal claim must be fairly presented to the state courts." Id. (quotation omitted). "[T]o ensure that state courts have the first opportunity to hear all claims, federal courts have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quotation omitted). To do that, a petitioner "must present his claim to the state court in a manner that would allow a 'reasonable reader' to understand the legal and factual foundation for each claim." Johnson, 32 F.4th at 1096 (citation omitted). Second, a petitioner "must take his claim to the state's highest court, either on direct appeal or on collateral review." Id. (quotation omitted).

In his petition, Guy appears to challenge the revocation of his bond by a state district judge in Mobile County. (See Doc.

3

1). Alabama law provides the means for Guy to raise and exhaust in state court the claims he asserts in his federal habeas petition. See Ex parte Barnes, 312 So. 3d 22, 27-28 (Ala. 2020) (recognizing that the proper vehicle to challenge an order revoking bond/bail is via a petition for writ of habeas corpus); Burgess v. Allen, 2023 U.S. Dist. LEXIS 124260, at *11-12, 2023 WL 4611443, at *5 (N.D. Ala. June 14, 2023) (noting that Alabama law provides the means for state pretrial detainee to "receive state review of his bail revocation claims by filing an appropriate petition for habeas relief in the state courts and pursuing the appellate process"), report and recommendation adopted, 2023 U.S. Dist. LEXIS 123463, 2023 WL 4605064 (N.D. Ala. July 18, 2023); Taylor v. Taylor, 2018 U.S. Dist. LEXIS 113415, at *7-8, 2018 WL 3352745, at *3 (N.D. Ala. June 15, 2018) (finding that petitioner's claims based on the revocation of his bond were unexhausted where the petitioner never filed a habeas petition with the state courts, and that even if a motion the petitioner filed in the state court could be construed as a state habeas petition, his claims were still unexhausted because he took no further action to pursue them with the Alabama appellate courts after his motion was denied), report and recommendation adopted, 2018 U.S. Dist. LEXIS 113300, 2018 WL 3348975 (N.D. Ala. July 9, 2018).

In light of Guy's acknowledgement that he has not fully exhausted all available state remedies for his claims, his § 2241

4

petition is due to be dismissed without prejudice to afford him the opportunity to exhaust all available state court remedies before pursuing federal habeas relief.

## II. **CERTIFICATE OF APPEALABILITY**

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). State pretrial detainees, like Guy, "must obtain a COA to appeal the denial of a federal habeas petition filed pursuant to 28 U.S.C. § 2241." Daker v. Warren, 2012 U.S. Dist. LEXIS 87517, at *22-23, 2012 WL 2403437, at *8 (N.D. Ga. June 25, 2012) (citations omitted); see Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal."). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, a certificate of appealability "should issue [only] when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim

5

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (quotations and brackets omitted).

Given that Guy acknowledges he has not exhausted state remedies and requests that this action be dismissed without prejudice to his ability to refile a federal habeas petition after his state remedies are exhausted, the undersigned submits that reasonable jurists would not conclude that this Court is in error in dismissing the instant petition without prejudice to afford Guy an opportunity to exhaust all available state court remedies, or that Guy should be allowed to proceed further.  As a result, the undersigned submits that Guy is not entitled to a certificate of appealability, and that he should not be permitted to proceed *in forma pauperis* on appeal.

Because a § 2241 petitioner, like a § 2254 petitioner, must obtain a certificate of appealability to appeal, the undersigned notes that Rule 11(a) of the Rules Governing § 2254 Cases provides for the following procedure: "The district court must issue or

deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing § 2254 Cases, R. 11(a). Accordingly, if there is an objection to this recommendation by Guy, he may bring this argument to the attention of the District Judge in the objections permitted to this report and recommendation. See Brightwell v. Patterson*,* Case No. 1:11-00165-WS-C, ECF No. 14 (S.D. Ala. Oct. 11, 2011) (Eleventh Circuit order denying petitioner's motions for a certificate of appealability and to appeal *in forma pauperis* in a case in which this Court set out the foregoing procedure); see also Castrejon v. United States, 2011 U.S. Dist. LEXIS 83779, at *75, 2011 WL 3241817, at *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), report and recommendation adopted, 2011 U.S. Dist. LEXIS 84194, 2011 WL 3241580 (S.D. Ala. July 29, 2011); Griffin v. DeRosa, 2010 U.S. Dist. LEXIS 106920, at *12, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), report and recommendation adopted sub nom. Griffin v. Butterworth, 2010 U.S. Dist. LEXIS 106921, 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

### III. CONCLUSION

For the reasons set forth above, the undersigned recommends that Petitioner Guy's § 2241 petition (Doc. 1) and this action be **DISMISSED without prejudice** to allow Guy an opportunity to exhaust

7

his claims in state court. The undersigned further submits that Petitioner Guy is not entitled to a certificate of appealability and is not entitled to appeal *in forma pauperis*.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **9th** day of **May, 2024.**

                                          **/s/ SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**